FILED

2016 Mar-24  AM 11:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **MYRICKS TIMOTHY CLARK,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CASE NO.  2:14-CV-1710-SLB** |
| ) | |
| **CAROLYN  W.  COLVIN, Acting** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Myricks Timothy Clark brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of Social Security denying his application for a period of disability and disability insurance benefits [DIB].  After review of the record, the parties' submissions, and the relevant law, the court is of the opinion that the Commissioner's decision is due to be affirmed.

## I.  <u>PROCEDURAL HISTORY</u>

Mr. Clark filed an application for a period of disability and DIB on August 19, 2010, alleging a disability onset date of July 30, 2010.  (*See* doc. 7-3 at  R.14; *see* doc. 7-5 at R.18.)[1]  The application was denied initially on February 2, 2011.  (Doc. 7-5 at R.61-62, R.66.)  Thereafter, Mr. Clark requested a hearing before an Administrative Law Judge [ALJ],

---

[1]Reference to a document number, ("Doc. __"), refers to the number assigned to each document as it is filed in the court's record. References to page numbers in the Commissioner's record are set forth as ("R.__").

(doc. 7-5 at R.69), which was held on November 5, 2012, (doc. 7-3 at R.30).  Following the

hearing, the ALJ found that Mr. Clark was not disabled; therefore, he denied Mr. Clark's

applications for a period of disability and DIB on January 11, 2013.  (Doc. 7-3 at R.25.)

Mr. Clark asked the Appeals Council to review the ALJ's decision.  (*See id*. at R.8.)

The Appeals Council denied the request for review, stating that it had "found no reason under

[its] rules to review the [ALJ's] decision." (*Id*. at 2.)  Therefore, "the [ALJ's] decision is the

final decision of the Commissioner of Social Security in [Mr. Clark's] case."  (*Id*.)

Mr. Clark filed an appeal in this court on September 4, 2014.  (Doc. 1.)

## II.  <u>STANDARD OF REVIEW</u>

In reviewing claims brought under the Social Security Act, this court's role is a

narrow one: "Our review of the Commissioner's decision is limited to an inquiry into

whether there is substantial evidence to support the findings of the Commissioner, and

whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d 1219, 1221

(11th Cir. 2002); *see also Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988).  The court

gives deference to factual findings.  *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir.

1991).  The court "may not decide the facts anew, reweigh the evidence, or substitute [its]

judgment for that of the [Commissioner], rather [it] must scrutinize the record as a whole to

determine if the decision reached is reasonable and supported by substantial evidence."

*Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting *Bloodsworth v. Heckler*,

703 F.2d 1233, 1239 (11th Cir.1983)) (internal quotations and other citation omitted).  "The

Commissioner's factual findings are conclusive if supported by substantial evidence." *Wilson*, 284 F.3d at 1221 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990); *Allen v. Bowen*, 816 F.2d 600, 602 (11th Cir. 1987)). "Substantial evidence" is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Commissioner of Social Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotations and citations omitted).

Conclusions of law made by the Commissioner are reviewed de novo. *Cornelius*, 936 F.2d at 1145. "No . . . presumption of validity attaches to the [Commissioner's] conclusions of law." *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III.  DISCUSSION

### A.  THE FIVE-STEP EVALUATION

The regulations require the Commissioner to follow a five-step sequential evaluation to determine whether a claimant is eligible for a period of disability and DIB. *See* 20 C.F.R. § 404.1520(a)(1)-(2); *see also Bowen v. City of New York,* 476 U.S. 467, 470 (1986). "[A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy

exists for him, or whether he would be hired if he applied for work."  42 U.S.C. §

423(d)(2)(A).

The specific steps in the evaluation process are as follows:

**1. Substantial Gainful Employment**

First, the Commissioner must determine whether the claimant is engaged in

"substantial gainful activity."  *Bowen v. Yuckert*, 482 U.S. 137, 137 (1987).  The regulations

define "substantial gainful activity" as "work activity that is both substantial and gainful."[2]

20 C.F.R. § 404.1572.  If the claimant is working and that work is substantial gainful activity,

the Commissioner will find that the claimant is not disabled, regardless of the claimant's

medical condition or his age, education, and work experience.  20 C.F.R. § 404.1520(b).

"Under the first step, the claimant has the burden to show that [he] is not currently engaged

---

[2]The regulations state:

(a) *Substantial work activity*.  Substantial work activity is work activity that
involves doing significant physical or mental activities.  Your work may be
substantial even if it is done on a part-time basis or if you do less, get paid less,
or have less responsibility than when you worked before.

(b) *Gainful work activity*.  Gainful work activity is work activity that you do
for pay or profit.  Work activity is gainful if it is the kind of work usually done
for pay or profit, whether or not a profit is realized.

(c) *Some other activities*.  Generally, we do not consider activities like taking
care of yourself, household tasks, hobbies, therapy, school attendance, club
activities, or social programs to be substantial gainful activity.

20 C.F.R. § 404.1572.

4

in substantial gainful activity." *Reynolds-Buckley v. Commissioner of Social Sec.*, 457 Fed. Appx. 862, 863 (2012).[3]

The ALJ found that Mr. Clark had not engaged in substantial gainful activity since July 30, 2010, the alleged onset date.  (Doc. 7-3 at R.16.)

## 2.  Severe Impairments

If the claimant is not engaged in substantial gainful activity,  the Commissioner must next determine whether the claimant suffers from a severe impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities.  20 C.F.R. § 404.1520(a)(4)(ii), (c).  "[A] 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which  are  demonstrable  by  medically  acceptable  clinical  and  laboratory  diagnostic techniques."  42 U.S.C. § 423(d)(3).  The regulations provide:  "[I]f you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled.  We will not consider your age, education, and work experience." 20 C.F.R. § 404.1520(c).  "An impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be

---

[3]Eleventh Circuit Rule 36-2 provides, in pertinent part, "An opinion shall be unpublished unless a majority of the panel decides to publish it.  ***Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority***."  11th Cir. R. 36-2 (emphasis added).

expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984); *see also* 20 C.F.R. § 404.1521(a). A complainant may be found disabled based on a combination of impairments even though none of the individual impairments alone are disabling. *Walker v. Brown*, 826 F.2d 996, 1001 (11th Cir. 1985); *see also* 20 C.F.R. § 404.1523. A claimant has the burden to show that he has a severe impairment or combination of impairments. *Reynolds-Buckley*, 457 Fed. Appx. at 863.

The ALJ found that Mr. Clark had "the following combination of severe impairments: major depressive disorder, post-traumatic stress disorder, borderline intellectual functioning, asthma, obstructive sleep apnea, chronic sinusitis, gastroesophageal reflux disease, migraine headaches, obesity, and a stable ossific body in the right knee." (Doc. 7-3 at R.16.) He also found that Mr. Clark did not have medically-determinable impairments of back pain or chronic diarrhea; as to the claim of chronic diarrhea, the ALJ found, in the alterative, that this impairment was nonsevere. (*Id*. at 16-17.)

### 3. The Listings

If the claimant has a severe impairment, the Commissioner must then determine whether the claimant's impairment meets or is equivalent to any one of the listed impairments, which are impairments that are so severe as to prevent an individual with the described impairment from performing substantial gainful activity. 20 C.F.R. §404.1520(a)(4)(iii), (d)-(e); *see* 20 C.F.R. pt. 404, Subpart P, Appendix 1 [The Listings].

If the claimant's impairment meets or equals an impairment in the Listings, the Commissioner must find the claimant disabled, regardless of the claimant's age, education, and work experience.  20 C.F.R. § 404.1520(d).  The claimant has the burden of proving that his impairment meets or equals the criteria contained in one of the Listings. *Reynolds-Buckley*, 457 Fed. Appx. at 863.

The ALJ found that Mr. Clark did not have an impairment or combination of impairments that met or medically equaled one of the impairments in the Listings.  (Doc. 7-3 at R.17.)

### 4.  Residual Functional Capacity and Past Relevant Work

If the impairment or combination of impairments does not meet or equal the criteria of a Listing, the claimant must prove that his impairment or combination of impairments prevents him from performing his past relevant work.   *See* 20 C.F.R. § 404.1520(a)(4)(iv), (f).  At step four, the Commissioner "will first compare [her] assessment of [the claimant's] residual functional capacity [RFC] with the physical and mental demands of [the claimant's] past relevant work.  20 C.F.R. § 404.1560(b).  "Past relevant work is work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [him] to learn to do it.  20 C.F.R. § 404.1560(b)(1).  If the claimant is capable of performing his past relevant work, the Commissioner will find he is not disabled.  20 C.F.R. § 404.1560(e).   The claimant bears the burden of establishing that the impairment or

combination or impairments prevents him from performing past work. *Reynolds-Buckley*,

457 Fed. Appx. at 863.

Based on his "consideration of the entire record," the ALJ found that Mr. Clark could

perform a limited range of light work; he found:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a range of light work as defined in 20 C.F.R. 404.1567(b),[4] with the ability to lift and/or carry up to 20 pounds occasionally and 10 pounds frequently, stand and/or walk six hours in an eight-hour workday, and sit six hours in an eight-hour workday. He also has the following nonexertional limitations: never climb ladders or scaffolds; occasionally climb ramps and/or stairs; occasionally stoop, kneel, crouch, or crawl; be exposed to respiratory irritants, such as dust, odors, fumes, gases, chemicals, and poorly ventilated areas, no more than 50 percent of the workday; perform only simple, routine, and repetitive tasks in a work environment free of strict quota require[ments]; occasionally make work-related decisions; occasionally deal with workplace changes; and occasionally interact with the public, coworkers, and supervisors.

---

[4]The regulations define "light work" as follows:

Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

(Doc. 7-3 at R.19 [footnote added].)  Based on the RFC, the ALJ found that Mr. Clark could not perform his past relevant work as a collection agent, claims clerk, and fast food worker. (*Id.* at R.24.)

### 5. Other Work in the National Economy

If the claimant establishes that he is unable to perform his past relevant work, the Commissioner must show that the claimant – in light of his RFC, age, education, and work experience – is capable of performing other work that exists in substantial numbers in the national economy.  *Reynolds-Buckley*, 457 Fed. Appx. at 863; *see also* 20 C.F.R. §404.1560(c)(1).   The regulations provide:

> If we find that your [RFC] is not enough to enable you to do any of your past relevant work . . . , we will use the same [RFC] assessment we used to decide if you could do your past relevant work when we decide if you can adjust to any other work.  We will look at your ability to adjust to other work by considering your [RFC] and the vocational factors of age, education, and work experience, as appropriate in your case. . . .  Any other work (jobs) that you can adjust to must exist in significant numbers in the national economy (either in the region where you live or in several regions in the country).

20 C.F.R. § 404.1560(c)(1).  If the claimant is not capable of performing such other work, the Commissioner must find the claimant is disabled.  20 C.F.R. § 404.1520(f).  If, however, the Commissioner finds that the claimant can perform other work, the claimant has the burden to prove he is not capable of performing such other work.

The ALJ found that Mr. Clark, who was born in 1969, was a "younger individual" on the alleged onset date and that he had at least a high school education and could communicate in English.  (Doc. 7-3 at R.24.)  He found that "[t]ransferability of job skills

[was] not material to [his] determination of disability because using the Medical-Vocational Rules as a framework support[ed] a finding that the claimant [was] 'not disabled,' whether or not [Mr. Clark had] transferable job skills." (*Id.* [citing SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2].)

Because the RFC was based on a limited range of light work, the ALJ consulted a vocational expert [VE]. (*Id.*) The VE testified that an individual with Mr. Clark's RFC and vocational factors could perform "jobs that exist in significant numbers in the national economy," including parking lot attendant, electronics assembler, and small products assembler. (*Id.* at R.24, R.53-55.) Based on this testimony, the ALJ found Mr. Clark could make as successful adjustment to perform other work. (*Id.* at R.25.)

Therefore, the ALJ found that Mr. Clark had not been under a disability at any time from July 30, 2010, the alleged onset date, through January 11, 2013, the date of the ALJ's decision. (*Id.*)

## B.  MR. CLARK'S APPEAL

On appeal, Mr. Clark contends, "The ALJ failed to properly evaluate the opinions from plaintiff's treating physician, Dr. Borlaza." (Doc. 10 at 8.) The Commissioner contends that her decision to deny benefits should be affirmed "because the ALJ properly considered the opinions from Dr. Borlaza in accordance with the regulations and case law and provided sufficient good cause for assigning them little weight." (Doc. 13 at 4.)

In this Circuit –

> Although the testimony of a treating physician is generally entitled to "substantial or considerable weight," the ALJ may discount that testimony when there is "good cause." *See Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  Good cause exists "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding." *Id.*  [The court] will not second guess the ALJ about the weight the treating physician's opinion deserves so long as he articulates a specific justification for it. *See Moore* [*v. Barnhart*], 405 F.3d [1208,] 1212 [(11th Cir. 2005)]. . . . [If] the ALJ's rationale was adequate, [the court] will not disturb the credibility determination.  *See Lewis*, 125 F.3d at 1440.

*Hunter v. Soc. Sec. Admin., Comm'r*, 808 F.3d 818, 822-23 (11th Cir. 2015).  Also, [o]pinions on some issues . . . are not medical opinions [under the regulations], but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case; i.e., that would direct the determination or decision of disability." 20 C.F.R. § 404.1527(d).

On March 29, 2010, before the alleged onset date of July 30, 2010, Ronald Borlaza, M.D., wrote a letter, which stated:

> To Whom It May Concern:
>
> Mr. Clark Myricks [sic] is one of my patients.  He has Depression, Panic Disorder, Chronic Sinusitis, Migraine Headaches, Sleep Apnea, Chronic Diarrhea, and Dyspnea.  These medical problems interfere with his ability to perform any meaningful part-time or full-time work.

(Doc. 7-8 at R.207.)  Less than six months later, on September 9, 2010, Dr. Borlaza's Progress Notes contain another letter; this letter stated:

> To Whom It May Concern:
>
> Mr. Myricks Clark is one of my patients.  He was approved for disability retirement under the Federal Employees Retirement System (FERS) for

11

chronic sinusitis on 7/13/2010 and his last day of work was on 7/30/2010. He
brought me the approval letter as proof. He will not be able to return to work.

(Doc. 7-9 at R.301.) Mr. Clark argues, "If given credible weight, the opinion of Dr. Borlaza

would render Plaintiff disabled due to the severity of his impairments." (Doc. 10 at 9.)

The ALJ stated the following with regard to Dr. Borlaza's opinions:

The record . . . contains a September 2010 statement from treating physician
Ronald Borlaza, M.D. In that statement, Dr. Borlaza noted that the claimant
was approved for disability retirement under the Federal Employees
Retirement System (FERS) due to chronic sinusitis. He also said the claimant
"will not be able to return to work." [(Doc. 7-9 at 301.)] However, the fact
that the claimant was approved for benefits under FERS is not binding on the
current decision. Additionally, as noted above, his sinusitis appears to have
improved significantly since these findings were made.[5] Moreover, Dr.
Borlaza's statement that the claimant cannot work is an issue reserved for the
Commissioner pursuant to 20 C.F.R. 404.1527 and [SSR] 96-5p. Further, he
did not provide an opinion as to the specific functional limitations that would
prevent work activity. Accordingly, Dr. Borlaza's statement has been given
minimal weight.

Prior to the alleged onset date, Dr. Borlaza also said the claimant's medical
problems "interfere with [his] ability to perform any meaningful part-time or
full-time work." [(Doc. 7-8 at 207).](Exhibit 1F/1.) However, he did not

---

[5]The ALJ found:

For example, the record indicates the claimant's sinusitis has improved
significantly with treatment. A March 2011 CT scan revealed improvement
since 2008, and recent treatment notes reveal findings such as a clear chest and
lack of sinus tenderness. [(Doc. 7-13 at R.619, R.690; doc. 7-14 at R.737.)]
In fact, in November of 2010, medical providers indicated the claimant had
zero incapacitating episodes of sinusitis in the previous 12 months, and in
April of 2012, his sinus problems were described as stable. [(Doc. 7-13 at
R.660; doc. 7-14 at R.737.)]

(Doc. 7-3 at R.20.)

provide an opinion as to the specific limitations these problems caused. Further, the fact that the claimant continued working several months after this statement was made suggests he retained the ability to perform some work-related activities.  As such, this statement has been given little weight.

(Doc. 7-3 at R.22 [footnote added].)  The court finds that the ALJ's articulated reasons for discounting the weight given to these two statements from Dr. Borlaza are supported by substantial evidence and he correctly applied the law.  Also, under the circumstances, the court finds the ALJ did not err in failing to recontact Dr. Borlaza.  *See* 20 C.F.R. § 1520b; SSR 96-5p; *see also Shaw v. Astrue*, 392 Fed. App'x 684, 688-89 (11th Cir. 2010)(citations omitted).

The court finds no reversible error and it also finds the ALJ's findings are supported by substantial evidence; therefore, the Commissioner's decision to deny Mr. Clark's claim for a period of disability and DIB will be affirmed.

## IV.  CONCLUSION

Based on the reasons set forth above, the decision of the Commissioner, denying plaintiff's claim for a period of disability and DIB will be affirmed.  An Order affirming the decision of the Commissioner will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 23rd day of March, 2016.

*Sharon Lovelace Blackburn*
_____
SHARON  LOVELACE  BLACKBURN
SENIOR UNITED STATES DISTRICT JUDGE

13